```
1  Mark E. Ellis - 127159
   Kimberly E. Lewellen - 243663
2  ELLIS, COLEMAN, POIRIER, LAVOIE,
     & STEINHEIMER LLP
3  555 University Avenue, Suite 200 East
   Sacramento, CA  95825
4  Tel: (916) 283-8820
   Fax: (916) 283-8821
5  mellis@ecplslaw.com
   klewellen@ecplslaw.com
6
   Attorneys for IKANO COMMUNICATIONS, INC. dba DSL EXTREME.COM and MICHELLE
7  GROVE, an individual
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| RICHARD HACK,<br><br>　　　Plaintiff,<br><br>v.<br><br>IKANO COMMUNICATIONS, INC dba DSL EXTREME.COM; MICHELLE GROVE, an individual,<br><br>　　　Defendant. | Case No.: 4:10-cv-00037-PJH<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendants IKANO COMMUNICATIONS, INC dba DSL EXTREME.COM (hereinafter "IKANO") and MICHELLE GROVE (collectively "Defendants") hereby respond to plaintiff's Complaint as follows:

1. As to paragraph 1, Defendants deny the allegations.

2. As to paragraph 2, this paragraph does not contain allegations which require an admission or denial by Defendants.

3. As to paragraph 3, the allegations are inapplicable given Defendants have removed this matter to the United States District Court, Northern District of California, on the basis of federal question jurisdiction.

4. As to paragraph 4, Defendants do not contest venue at this time.

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

5.  As to paragraph 5, Defendants lack sufficient knowledge to admit or deny the allegations contained therein, and on that basis deny these allegations.

6.  As to paragraph 6, IKANO admits that it is an internet service provider and that its principal office is located at 124 Charles Lindberg Drive, Salt Lake City, Utah 84116. IKANO admits that it received the summons and complaint, but denies that the Summons was properly executed. MICHELLE GROVE lacks sufficient knowledge to admit or deny the allegations contained therein, and on that basis deny these allegations.

7.  As to paragraph 7, MICHELL GROVE admits that she is a billing and collection manager for IKANO, but denies that service of legal process was properly made. IKANO lacks sufficient knowledge to admit or deny the allegations contained therein, and on that basis deny these allegations.

8.  As to paragraph 8, Defendants deny the allegations.

9.  As to paragraph 10, this paragraph does not contain allegations which require an admission or denial by Defendants.

10. As to paragraph 10, Defendants deny the allegations.

11. As to paragraph 11, Defendants deny the allegations.

12. As to paragraph 12, IKANO admits that it attempted to collect the outstanding balance on plaintiff's service account. Ms. Grove was not a collector who worked on the subject account, and on that basis she denies that she "engaged in efforts to collect the outstanding balance on the account." The remaining allegations are vague, argumentative, and ambiguous. For these reasons, Defendants lack sufficient knowledge to admit or deny these allegations, and on that basis deny the allegations.

13. As to paragraph 13, Defendants lack sufficient knowledge to admit or deny the allegations contained therein, and on that basis deny these allegations.

14. As to paragraph 14, Defendants deny the allegations.

15. As to paragraph 15, Defendants repeat and incorporate by reference its responses to all other paragraphs.

16. As to paragraph 16, Defendants deny the allegations.

17. As to paragraph 17, Defendants deny the allegations.

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

18.  As to paragraph 18, Defendants deny the allegations.

19.  As to paragraph 19, Defendants deny that Plaintiff is entitled to the relief requested.

20.  As to the Prayer for Relief, Defendants deny that Plaintiff is entitled to the relief requested.

Pursuant to **Federal Rule of Civil Procedure 8(c)**, Defendants set forth the following matters constituting an avoidance or affirmative defense:

### FIRST AFFIRMATIVE DEFENSE

21.  Defendants allege that the Complaint, and each cause of action contained therein, fails to state facts sufficient to constitute a cause of action.

### SECOND AFFIRMATIVE DEFENSE

22.  Defendants alleges that the Complaint, and each cause of action therein, is barred by the applicable statute of limitations, including but not limited to, 15 U.S.C. §1692k(d) (FDCPA) and/or California Civil Code § 1788.30(f) (Rosenthal FDCPA).

### THIRD AFFIRMATIVE DEFENSE

23.  Defendants are informed and believe and thereon allege that Plaintiff himself was negligent and/or careless in and about the matters alleged in the Complaint, and to the extent said negligence and/or carelessness caused and/or contributed to injuries and/or damages, if any, Plaintiff's recovery should be barred or proportionately reduced.

### FOURTH AFFIRMATIVE DEFENSE

24.  Defendants allege that other persons and parties were careless and/or negligent, and/or committed intentional acts, and that this carelessness, negligence, or these intentional acts proximately contributed to the happening of the incidents referred to in the Complaint, and to the extent said negligence, carelessness and/or intentional acts caused and/or contributed to injuries and/or damages, then the damages alleged against these Defendants should be reduced or eliminated.

### FIFTH AFFIRMATIVE DEFENSE

25.  Defendants allege that Plaintiff failed and neglected to use reasonable care to protect himself and to minimize and/or mitigate the losses and/or damages asserted in the Complaint.

/ / / /

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

## SIXTH AFFIRMATIVE DEFENSE

26. Defendants allege that the Complaint, and each cause of action contained therein, is barred by the equitable Doctrine of Laches.

## SEVENTH AFFIRMATIVE DEFENSE

27. Defendants allege that all of their actions were taken in good faith and with a reasonable belief that such actions were legal, appropriate and necessary.

## EIGHTH AFFIRMATIVE DEFENSE

28. Defendants allege that Plaintiff's Complaint, and each and every cause of action therein, is barred by the privilege embodied either in Civil Code § 47(b) and/or (c), or arising under federal and state common law.

## NINTH AFFIRMATIVE DEFENSE

29. Defendants allege that Plaintiff's Complaint, and each and every cause of action therein, is barred by the doctrine of unclean hands.

## TENTH AFFIRMATIVE DEFENSE

30. Defendants allege they are entitled to a setoff under Code of Civil Procedure § 431.70 against any damages to which Plaintiff claims an entitlement based upon Plaintiff's outstanding obligation.

## ELEVENTH AFFIRMATIVE DEFENSE

31. Defendants allege that any representations or statements alleged to have been made by these Defendants were true, accurate at the time made, and/or otherwise were made in good faith and with a reasonable belief as to their truth, validity and accuracy.

## TWELFTH AFFIRMATIVE DEFENSE

32. Defendants allege they acted lawfully and intended to take any and all action contemplated, as represented to Plaintiff, whether expressly allowed by contract or permitted by law.

## THIRTEENTH AFFIRMATIVE DEFENSE

33. Defendants allege that statutory and common law immunities apply to the acts and/or omissions complained of in the Complaint on file herein.

////

### FOURTEENTH AFFIRMATIVE DEFENSE

34. Defendants allege that Plaintiff's Complaint, and each and every cause of action therein, is barred by the doctrine of estoppel and/or waiver.

### FIFTEENTH AFFIRMATIVE DEFENSE

35. Defendants are informed and believes and thereon alleges that they have no civil liability under the FDCPA, **15 U.S.C. § 1692,** *et seq.*, pursuant to **15 U.S.C. § 1692k(c)** and/or **Cal. Civil Code § 1788.30(e)**, as any violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adopted to avoid any such error.

### SIXTEENTH AFFIRMATIVE DEFENSE

36. Defendants allege that Plaintiff's Complaint (and the causes of action alleged therein) is barred because Defendants' actions were taken in reasonable reliance upon information provided by its client(s) pursuant to Ducrest v. Alco Collections, Inc. (M.D. La. 1999) 931 F.Supp. 459, 462, and Hulse v. Ocwin (D. Or. 2002) 195 F.Supp.2d 1188, 1210.

### SEVENTEENTH AFFIRMATIVE DEFENSE

37. These answering Defendants' practices, particularly those pertinent to the allegations in Plaintiff's Complaint, are or were lawful in that these answering Defendants have complied with any and all applicable statutes, regulations and common law requirements.

### EIGHTEENTH AFFIRMATIVE DEFENSE

38. These answering Defendants hereby allege the following affirmative defenses, including, but not limited to, those set forth in Federal Rule Of Civil Procedure 8(c), so as not to waive them at this time: assumption of risk, contributory negligence, duress, failure of consideration, fraud, illegality, license, truth, failure to join an indispensable party, justification, failure to mitigate, and abatement.

### NINETEENTH AFFIRMATIVE DEFENSE

39. Defendants presently have insufficient knowledge or information on which to form a belief as to whether Defendants may have additional, as yet unstated, defenses available. Defendants reserve herein the right to assert additional defenses in the event discovery indicates that they would be appropriate.

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

WHEREFORE, Defendants pray as follows:

1. That Plaintiff take nothing from these answering Defendants by this Complaint;

2. That Defendants be awarded judgment in this action;

3. For costs of suit incurred herein; and

4. For such other and further relief as the Court deems proper.

Dated: January 13, 2010

                        ELLIS, COLEMAN, POIRIER, LAVOIE, &
                        STEINHEIMER LLP


By  /s/ Kimberly E. Lewellen
    Kimberly E. Lewellen
    Attorney for Defendants
    IKANO COMMUNICATIONS, INC. DBA DSL EXTREME.COM AND MICHELLE GROVE, AN INDIVIDUAL

- 6 -

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

**CERTIFICATE OF SERVICE**

I, Jennifer E. Mueller, declare:

I am a citizen of the United States, am over the age of eighteen years, and am not a party to or interested in the within entitled cause. My business address is 555 University Avenue, Suite 200 East, Sacramento, CA 95825.

On January 13, 2010, I served the following document(s) on the parties in the within action:

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

| X | **VIA ELECTRONIC SERVICE**: The above-described document(s) will be delivered electronically through the Court's ECF/PACER electronic filing system, as stipulated by all parties to constitute personal service, to the following: |
|---|---|

| Irving L. Berg<br>The Berg Law Group<br>145 Town Center, #493<br>Corte Madera, CA 94925 | Attorneys for Plaintiff<br>Richard Hack |
|---|---|

I declare under penalty of perjury under the laws of the State of California that the foregoing is a true and correct statement and that this Certificate was executed on January 13, 2010.

By: _____
Jennifer E. Mueller

- 7 -

DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT